UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO: 6:7-cr-45-DCR-EBA-1
Related Civil Nos. 6:16-cv-299-DCR-EBA
                  6:16-cv-233-DCR-EBA

UNITED STATES OF AMERICA,                   PLAINTIFF,

V.             **MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

HENRY SHELL,                                         DEFENDANT.

*** *** *** *** ***

On May 5, 2008, after pleading guilty to conspiracy to distribute cocaine, distribution of cocaine, brandishing a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm, Defendant Henry Shell was sentenced to 84 months and one day, pursuant to the 2007 edition of the U.S. Sentencing Guidelines, § 5G1.3(b), Note 2(D), and § 5K1.1. [Rs. 54, 83]. Shell was released from the original term of incarceration on April 11, 2013, and began a three-year term of supervised release on that date, which the Court later revoked, imposing a term of incarceration of 56 months and an additional 60 months of supervision. [Rs. 73, 83]. This matter is now before the undersigned on Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 89]. Where Defendant has not been authorized to file a successive § 2255 petition as required, the undersigned recommends that this matter be transferred to the Sixth Circuit Court of Appeals.

To explain, Defendant filed his first § 2255 petition for relief in the U.S. Court of Appeals for the Sixth Circuit on June 22, 2016, though he used a second or successive application form. In that petition, Shell argued that his conviction under 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(ii), (D)(i) and (D)(ii) was unconstitutionally vague and unenforceable following the U.S. Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).

1

The Sixth Circuit, upon finding that Shell had only filed the single § 2255 petition, denied Shell's request for authorization to file a successive petition as unnecessary, and transferred his proposed § 2255 petition to this Court for further proceedings on December 21, 2016. [R. 88].

By that time, however, Shell had also filed a separate, subsequent § 2255 petition in this Court, which was denied. While his initial § 2255 was pending in the U.S. Court of Appeals for the Sixth Circuit, Shell filed a § 2255 in this Court on October 17, 2016, [R. 81], presenting the same claim for relief he had raised in his previous petition in the Court of Appeals, namely that he was entitled to relief in light of Johnson.

Four days later, on October 21, 2016, this Court issued a Memorandum Opinion and Order, [R. 83], denying Shell's § 2255 motion to vacate. In that order, this Court held in part that, "his challenge based on Johnson fails," explaining that "[i]n Johnson, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague, while "Shell was not sentenced under that part of the statute," but "under an entirely different section of 18 U.S.C. § 924." [R. 83 at 4]. Upon determining that Johnson is applicable in Shell's case and has no impact on his sentence, this Court denied the earlier § 2255 motion to vacate in this case on October 21, 2016, two months before the Sixth Circuit Court of Appeals transferred the present § 2255.

Therefore, Defendant's present Successive Motion to Vacate under 28 U.S.C. § 2255, [R. 89], is in fact a second, successive motion, and this Court lacks authority for such review, as Defendant has not received Sixth Circuit authorization to present a successive petition asserting his collateral claims. 28 U.S.C. § 2244(b)(3)(A) requires that, before a district court can consider a second or successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. In reviewing this portion of AEDPA, the Supreme Court has noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996).  The Supreme Court held: "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."  Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

In short, although he seeks to have the Court consider the same Johnson-based arguments asserted in his prior § 2255, Defendant has not been granted authorization for a successive petition under § 2244(b)(3)(A).  Accordingly, the undersigned RECOMMENDS that this matter be TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant should be granted authorization to file a second or successive petition.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed December 28, 2016.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge