UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 07-045-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 6: 16-299-DCR |
| V. ) | |
| ) | |
| HENRY SHELL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 20, 2016, Defendant Henry Shell filed a motion with the Sixth Circuit seeking an order authorizing this Court to consider a second or successive motion for relief under 28 U.S.C. § 2255, as required by 28 U.S.C. § 2244(3)(A).  [Record No. 89]  In the motion, filed under § 2244, Shell stated that he was entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 133 S.Ct. 2551 (2015) because the holding in that case required a finding that his convictions were unconstitutional.  However, at that time, *Shell had not yet filed a motion for relief under 28 U.S.C. § 2255* with this Court.  As a result, any § 2255 motion that Shell filed with this Court would not be successive and, therefore, would not require authorization.  Thus, his request for authorization was not necessary.

After filing this motion, Shell appears to have recognized that he did not need to obtain authorization from the Sixth Circuit to file a § 2255 motion.  On June 22, 2016, he filed a letter with the Sixth Circuit stating that he had not yet filed a § 2255 motion and, therefore, did not need to obtain authorization under § 2244.  [Record No. 89, Ex. 2]  He then requested that the

-1-

Sixth Circuit forward his "case to the district court because he has met the standards to file a § 2255 for the first time in District Court." [*Id.*]

While Shell's request was pending before the Sixth Circuit (although this Court was not aware of the request), Shell filed his first motion for relief under § 2255 on October 17, 2016. [Record No. 81] As he did in the motion that he filed with the Sixth Circuit, Shell requested relief under *Johnson*, again asserting that its holding required a finding that his sentence was unconstitutional. This Court denied the motion. [Record No. 83] First, Shell was not permitted to challenge his sentence under § 2255 because he had already completed the sentence that he was challenging, and § 2255 cannot be used to challenge a sentence that has already been completed. Additionally, even if Shell could have challenged his sentence under § 2255, *Johnson* did not entitle him to relief because he was not sentenced under the residual clause that the Supreme Court declared unconstitutionally vague.

On December 21, 2016, the Sixth Circuit addressed the motion that Shell had submitted seeking authorization to file a successive § 2255 motion. [Record No. 88] Because neither of the parties apparently informed the Sixth Circuit that, since filing his initial request, Shell had filed a § 2255 motion in this Court, it does not appear that the Sixth Circuit was aware Shell had filed a § 2255 motion while his § 2244 request was pending. [*Id.*] And because it apparently was unaware of Shell's filings with this Court, the Sixth Circuit stated that Shell did not need to obtain authorization under § 2244. [*Id.*] Instead, it concluded that the "proposed § 2255 motion should be considered by the district court in the first instance." [*Id.*] Accordingly, the Sixth Circuit transferred Shell's proposed § 2255 motion to this Court.

On December 28, 2016, Magistrate Judge Edward B. Atkins issued a Report and Recommendation in which he recommended that Shell's § 2255 motion be transferred to the

Sixth Circuit. [Record. No. 91] The Magistrate Judge concluded that Shell's new § 2255 motion is a successive motion and, as a result, this Court requires authorization from the Sixth Circuit before considering it. [*Id.*] In short, because Shell has not obtained authorization from the Sixth Circuit, this Court lacks jurisdiction to consider Shell's recently-transferred pleading. [*Id.*]

Shell did not file objections to the Report and Recommendation and the time to do so has expired. Nevertheless, the Court has reviewed the matter *de novo*. After fully considering the record, the Court agrees with the Magistrate Judge's analysis and conclusions.

Although the § 2255 motion that Shell filed with the Sixth Circuit was not successive at the time of filing, it is successive now. Shell has already filed a § 2255 motion with this Court, which this Court denied, and the Sixth Circuit has not authorized Shell to file a successive § 2255 motion under § 2244. This Court lacks jurisdiction to consider a successive § 2255 motion unless the Sixth Circuit has authorized a defendant to file the motion under § 2244(b)(4). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2243(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *Id.*.

For the foregoing reasons, this Court lacks jurisdiction to consider the pending motion and is required to transfer Shell's (now) successive § 2255 motion to the Sixth Circuit. Therefore, it is hereby **ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins's Report and Recommendation [Record No. 91] is **ADOPTED** and **INCORPORATED** by reference.

-4-

      2.      Shell's successive § 2255 motion [Record No. 89] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

This 6th day of February, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge